**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-15700 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-01024-MMD |
| v. | |
| NELSON OSEMWENGIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Federal prisoner Nelson Osemwengie appeals pro se from the district court's

order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

We have jurisdiction under § 2253. We review de novo a district court's denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

section 2255 motion, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

Osemwengie contends that his counsel was ineffective for failing to advise him adequately during plea negotiations. This contention fails because Osemwengie has not shown a reasonable probability that, but for counsel's conduct, he would have received a shorter sentence. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (to establish prejudice where a plea offer has been rejected because of counsel's deficient performance, defendant must show "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time").

Osemwengie also contends that his counsel was ineffective for failing to request credit toward his sentence for the time he spent in pretrial detention. This contention is unpersuasive. Under 18 U.S.C. § 3585(b), a defendant is not entitled to credit for time served in pretrial detention if that time has been credited against another sentence. Moreover, the terms of Osemwengie's plea agreement prohibited him from seeking any downward departure or variance from the Guideline range. Accordingly, Osemwengie has not established either deficient performance or prejudice. *Strickland*, 466 U.S. at 687.

**AFFIRMED.**